## ROEMER *v.* HEADLEY.

*(Circuit Court, D. New Jersey. December 15, 1883.)*

PATENTS FOR INVENTIONS—ANTICIPATION—PUBLIC USE—INFRINGEMENT.

Letters patent No. 208,541, granted to William Roemer, October 1, 1878, for "improvement in locks for satchels," *held* valid, and infringed by the lock-case sold by defendant.

In Equity. On bill, etc.

*F. C. Lowthorp, Jr.,* for complainant.

*A. Q. Keasbey & Sons,* for defendant.

NIXON, J. The bill is filed against the defendant for infringing letters patent No. 208,541, granted to complainant, October 1, 1878, for "improvement in locks for satchels." The answer denies (1) the infringement, and (2) that the complainant was the original and first inventor of the improvements claimed in said letters patent. The patentee, in his specification, states that the principal object of the invention is to reduce the expense of the lock-case, and to render the same more practical in form and construction, and that it consists principally in forming the body of the lock-case into open ends, and in combining the same with cast blocks or end-pieces, which are separately made.

(1) A satchel marked Exhibit D, for complainant, was produced, and also a witness who swore that he purchased the same at defendant's store in Broadway, New York. The slightest inspection shows that the lock-case thereon infringes the claims of the complainant's patent. (2) A number of exhibits are put in by the defendant to prove that the claims of the complainant's patent were anticipated.

After a careful examination of these I deem it necessary to advert to only two of them, to-wit, Exhibit D 1 and Exhibit D 3. There is nothing in the patent sued on which is not fairly embraced in these, and if the defendant has shown that they were in public use before the date of the complainant's invention, the patent must be held void for want of novelty. The testimony is very meager. The defendant offered only one witness to prove their prior use. Charles Kupper testified that he was a manufacturer of bag frames and locks; that he had made locks like Exhibit D 3, and had sold them to defendant; that the first he sold to him was on March 31, 1878, and that the first he ever made was a month or two before Christmas, in the year 1877.

When asked about locks like Exhibit D 1, he replied: "I made them a long time after Exhibit D 3, but I cannot say when."

There was no other testimony on the subject of public prior use. The complainant's patent was issued October 1, 1878. He was called to prove the date of his invention, and was asked:

*Question.* "When did you first conceive this lock in its present practical form?" *Answer.* "I made the invention in the early part of 1876, but made the first model in January, 1878, after which I constructed the lock. My idea was to make a lock that would, when finished, resemble a lock I invented a few months before, and which I would be able to make of cheaper material." *Q.* "Was that model of which you speak similar to the lock patented by you?" *A.* "It was the same thing."

Such are his statements, and his only statements, on the subject. They are not clear, but they show that the invention antedates the proof of the time of any prior use. There was no cross-examination

of the witness, and as the defendant seems willing to accept the account of this date without question, the court will do the same.

It must be held that the complainant was the first and original inventor of the improvements claimed in this patent. Let there be entered a decree for an injunction and an account.